IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP-74,446;


AP-74,447; AP-74,448





RAPHAEL DEON HOLIDAY, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM CAUSE NOS. 10,423, 10425, 10,427 IN THE

278TH JUDICIAL DISTRICT COURT OF MADISON COUNTY




 Womack, J., filed a dissenting opinion.


 The Court holds (ante, at 54-55) that the trial court did not abuse its discretion in
allowing the psychiatrist to offer an expert opinion on the probability that the defendant will
commit future acts of dangerousness that will constitute a danger to society:

 As a board-certified psychiatrist with years of experience and specializing in the
forensic psychology field, Gripon was shown to be qualified. While making
predictions about future behavior is controversial among psychiatrists, forensic
psychiatry is a legitimate and recognized field by the American Psychiatric
Association. [Sic.] Gripon testified that his method of assessing futuredangerousness was considered valid.


 I have no quarrel with the statements that forensic psychiatry is a recognized field of
medicine, and that Dr. Gripon is an experienced practitioner in that field. What the record does
not show, and cannot show, is that his (or anyone's) predictions of dangerousness have validity.
He admitted that fact, as the Court (to its credit) says in its opinion, ante, at 53, when he testified
that "it has proved to be impossible to date to do any kind of study that will either validate or
invalidate that issue."

 If it cannot be validated, it's not science. Not even soft science. It may be soft, as many
things are, but it's not science.

 I would not exclude Dr. Gripon's opinions on medical or psychiatric issues -- diagnoses
or treatments that have been validated. But predicting dangerousness is not medicine or psychiatry.

 It has been done in death-penalty cases, with this Court's blessing, by a priest, (1) a former
district attorney, (2) and a classification deputy at the Harris County Jail who was the object of the
defendant's threats to kill him after he had testified. (3) This Court reversed a conviction for error in
excluding the defendant's offer of the "expert" opinion of the operator of a halfway house. (4)

 Of course, the Court rendered those prior decisions before it led the way in raising the
requirements for the admission of expert opinion. (5) I do not believe that those "experts" would
pass muster today, and I do not agree that Dr. Gripon should. When he said that his predictions
were immune from being proved right or wrong, he should have been shown to a seat next to the
others whose "expert" opinions have been admitted in the past, but should be excluded today.

 I respectfully dissent.


En banc.

Filed FEBRUARY 8, 2006.

Do Not Publish.
1. Duffy v. State, 567 S.W.2d 167 (Tex. Cr. App. 1978).
2. Esquivel v. State, 595 S.W.2d 516 (Tex. Cr. App. 1980).
3. Jackson v. State, 822 S.W.2d 18 (Tex. Cr. App. 1990).
4. Matson v. State, 819 S.W.2d 839 (Tex. Cr. App. 1991).
5. See Kelly v. State, 824 S.W.2d 568 (Tex. Cr. App. 1992). Accord, Daubert v. Merrell Dow
Pharmaceuticals, 509 U.S. 579 (1993).